IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE CANO, § | | |
|     Plaintiff § | | |
| § | | |
| v. § | CIVIL ACTION NO. 19-521 | |
| § | | |
| CENTRAL MUTUAL INSURANCE § | | |
| COMPANY, § | | |
|     Defendant. § | | |

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1331 and 1441(a) (Diversity) AND**
**PETITION FOR REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Central Mutual Insurance Company, (herein, "Defendant") hereby petitions this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a) for removal, on the basis of federal diversity jurisdiction, to the United States District Court for the Western District of Texas, San Antonio Division, of the action styled *Joe Cano v. Central Mutual Insurance Company*; Cause No. 2018CI21300, currently pending in the 407th Judicial District Court of Bexar County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

## INTRODUCTION

1. Plaintiff is Joe Cano (herein "Plaintiff"); Defendant is Central Mutual Insurance Company (herein "Defendant") Plaintiff filed suit in the State Court case on November 6, 2018, alleging injuries stemming from a motor vehicle accident that allegedly occurred on December 13, 2015. *See* Plaintiff's Original Petition dated November 6, 2018, attached hereto as part of Exhibit "A".

2. On November 6, 2018 Plaintiff sued Defendant and seeks for declaratory judgment under TCPRC Chapter 37, concerning the amount of damages suffered by Plaintiff as a result of the collision above referenced in the 407th Judicial District Court of Bexar County, Texas. *See* Plaintiff's Original Petition.

3. Plaintiff's Original Petition sets forth a claim against Defendant "for under-insured motorists" benefits and states a claim was made, but Plaintiff's Original Petition does not state the amount of the claim. Although Plaintiff's Original Petition does pray for "Monetary relief over $200,000.000 but no more than $1,000,000.00", and the low end of the range is in excess of the jurisdictional amount, Plaintiff offered no explanation as to how the amount was calculated. The request for a declaratory judgment states: "The at-fault driver's insurance company paid Plaintiff the at-fault driver's policy limits." However, *there is no indication as to what amount was paid or how such amounts impact the amount in controversy*. Further, Plaintiff's Original Petition improperly requested attorney fees in the UIM case[1], and there is no indication as to how much of the monetary relief is for attorney fees. *See* Plaintiff's Original Petition.

---

[1] Under Texas law, the "recovery of attorney fees is governed by Chapter 38 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2015); *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 822 (Tex. 2006). Chapter 38 requires an insured to 'present a claim' to the insurance 503 S.W.3d 457 company, which must pay that 'just amount owed' within thirty days of presentation. Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (West 2015). Due to this language, the Texas Supreme Court has stated that an insured cannot 'seek attorney's fees until, at the earliest, thirty days after the trial court render[s] judgment--assuming that [the insurer] refuse[s] to pay the amount due under the UIM contract.' *Norris*, 216 S.W.3d at 822; see *State Farm Mut. Auto. Ins. Co. v. Nickerson*, 216 S.W.3d 823, 824 (Tex. 2006); see also *Menix v. Allstate Indem. Co.*, 83 S.W.3d 877, 883 (Tex.App.--Eastland 2002, pets. denied). *Allstate Insurance Co. v. Jordan*, 503 S.W.3d 450, 456-57 (2016).

4. There is no mention in Plaintiff's Petition as to any method of calculating the alleged damages such the amount of medical charges actually incurred that relate to injuries resulting from the accident or the amount of lost wages or income. Instead, Plaintiff simply alleged "Defendant refuses to pay on the claim in a fair and equitable manner." *See* Plaintiff's Original Petition.

5. Based on the vague allegations in Plaintiff's Petition and Plaintiff's refusal to provide support for the monetary claims, on March 27, 2019 Defendant obtained an order granting Defendant's Motion to Compel and requiring Plaintiff to supplement earlier written discovery responses. See Defendant's Motion to Compel, dated February 14, 2019, and Order on Motion to Compel, dated March 27, 2019, attached hereto as part of Exhibit "A".

6. The amount in controversy requirement is satisfied only when there is a good-faith claim for an amount above the jurisdictional amount. *Esquilin-Mendoza v. Don King Productions, Inc.*, 638 F.3d 1, 4 (Cir. 2011)(citing *Barrett v. Lombardi*, 239 F.3d 23, 30 (1st Cir.2001) (" [T]he amount specified by the plaintiff controls, as long as that amount is asserted in good faith. he amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good. The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550__ U.S. __, 190 L.Ed.2d 495, 83 U.S.L.W. 4029, 25 Fla. L. Weekly Fed. S 15, (2014).

7. Had Defendant removed the case based on the vague and insufficient damage allegations, Plaintiff could have challenged the removal and Defendant would have had a difficult time establishing a basis for removal. In this regard, the Supreme Court has recently stated, "If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the

preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.'" *Id.* at 553-54 (recognizing "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). It would be "impermissible speculation" for a court to hazard a guess on the jurisdictional amount in controversy "without the benefit of any evidence [on] the value of individual claims." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007)(the removal record in Lowery contained only "naked pleadings" no specific factual details, no discovery, no affidavits or declarations, no testimony, no interrogatories, and no exhibits other than the complaints). A different question is presented "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (2010).

8.  Although this case was not removable when originally filed, it became removable on April 17, 2019, when Plaintiff submitted Plaintiff's Second Amended Responses to Request for Disclosure, Third Supplement Objections and Answers to First Set of Interrogatories, Third Supplemental Objections and Responses to Request for Production in which he asserted, that for the first time provided any support or clarity that Plaintiff's claim exceeds $75,000.000 In this regard, Defendant has been requesting clarification of Plaintiff's claim for lost wages or income for over two years. On April 17, 2019, Plaintiff amended earlier written discovery responses by providing the "Preliminary Assessment of the Potential Loss of Earnings Capacity and Household Services of Jose E. Cano", prepared by Keith Wm. Fairchild, Ph.D. Up until this point, Plaintiff had refused to provide any meaningful information claim for lost wages or income and the prior interrogatory response was not even verified. *See* Plaintiff's Second Amended Responses to

Request for Disclosure, Third Supplement Objections and Answers to First Set of Interrogatories, Third Supplemental Objections and Responses to Request for Production, attached hereto as part of Exhibit "E".

9. Defendant has been attempting to obtain any evidence that otherwise allegedly supports Plaintiff's claims. As indicated, Defendant was required to seek and obtain an order compelling Plaintiff to provide support for his claims. On April 29, 2019, after receiving Plaintiff's expert's Preliminary Assessment of the Potential Loss of Earnings Capacity and Household Services, Defendant's counsel sent an email explaining:

> While I do appreciate your office providing the report of Keith Fairchild, *this is the first time Plaintiff provided any meaningful information regarding the substantial claim for lost wages or income and the interrogatory response is not verified. Your client needs to provide verified details regarding the claim for lost wages or income.*
>
> \*\*\*
>
> *As you are aware, for over the past 2 years, Defendant has been attempting to determine whether there is any good faith basis for the amount Plaintiff is seeking to recover with respect to any lost wages or income. In this regard, Plaintiff's response to the requests for disclosure and response to Interrogatory No. 7, failed to disclose the amount of past and future lost wages, and loss of earning capacity. Plaintiff also failed to produce any relevant documents in response to the subpoena duces tecum served on All Pro Contracting Services Company d/b/a All Pro Services of Texas. The First Supplemental Responses to the Interrogatories are also unverified.*
>
> *Plaintiff's refusal to reveal the basis of such claims led to the filing of the motion to compel. On the date of the hearing on the Motion to Compel, you indicated that the past and future lost wages, and loss of earning capacity is no longer accurate and that you were revising the same.* I expected that either the claim would be dropped or revised to a substantially lower amount, but I can now see based on your amended discovery responses that your client is requesting over $2 million, although your client has not yet verified this claim. Based on the report of your expert, produced for the first time on April 17, 2019, which in turn is based largely on the income tax returns of your client's company, All Pro Contracting, produced for the first time on April 9, 2019 (see email below*), it appears that Plaintiff is now claiming over $2 million in lost earning capacity and lost household services. Yet, prior to production of the expert report, Plaintiff had not produced any support for*

*the lost wage or income claim, other than a single page vague document and income tax returns that do not support the claim.*

*See* Email from Defendant's counsel to Plaintiff's counsel dated April 29, 2019, a true and correct copy is attached hereto as Exhibit "F".

10. This case became removable when Plaintiff finally articulated a basis for the alleged lost income claim and produced an expert report to support such calculations. 28 U.S.C. § 1446(b)(3). Defendant files this notice of removal within 30 days after receiving Plaintiff's Second Amended Responses to Request for Disclosure, Third Supplement Objections and Answers to First Set of Interrogatories, Third Supplemental Objections and Responses to Request for Production. True and correct copies of all pleadings, process, orders, and correspondence served in this action are attached hereto as <u>Exhibit A through B</u> and are incorporated herein by reference.

## **BASIS FOR REMOVAL**

11. Removal is proper based on diversity jurisdiction as this suit involves citizens of different states and therefore the parties are diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

12. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

13. Defendant also seeks a ruling under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 that Plaintiff is not entitled to recover underinsured motorist benefits under the applicable policy.

14. The Defendant will promptly file a copy of this notice of removal with the clerk of the 407th Judicial District Court of Bexar County, Texas.

15. Attached hereto and incorporated herein are the following items:

<u>Exhibit A</u>   A true and correct copy of all pleadings, process, and orders served in this action.

| | |
|---|---|
| Exhibit B | State Court docket sheet |
| Exhibit C | List of all counsel of record |
| Exhibit D | Index of all documents filed with the Court |
| Exhibit E | Plaintiff's Second Amended Responses to Request for Disclosure, Third Supplement Objections and Answers to First Set of Interrogatories, Third Supplemental Objections and Responses to Request for Production. |
| Exhibit F | e-Mail April 29, 2019 from Defendant counsel to Plaintiff's Counsel |

## JURY DEMAND

16. The Defendant demanded a jury in the State Court suit and paid the appropriate fee.

## CONCLUSION

17. Removal is proper based on diversity jurisdiction as this suit involves citizens of different states and therefore the parties are diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This case was not removable until Plaintiff's Second Amended Responses to Request for Disclosure, Third Supplement Objections and Answers to First Set of Interrogatories, Third Supplemental Objections and Responses to Request for Production on April 17, 2019. Because the Defendant files this notice of removal within 30 days of receiving Plaintiff's federal claim, removal is proper and warranted.

WHEREFORE, PREMISES CONSIDERED, Defendant Central Mutual Insurance Company, respectfully request that this action be removed from the 407th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, that Defendant obtain a ruling Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 that Plaintiff is not entitled to recover underinsured motorist benefits under the applicable policy, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**CHAMBERLAIN ♦ MCHANEY**
301 Congress, 21st Floor
Austin, Texas 78701
Tel (512) 474-9124
Fax (512) 474-8582

By: */s/ Scott Taylor*
J. GORDON MCHANEY
STATE BAR NO. 13670100
SCOTT TAYLOR
STATE BAR NO. 24012173

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

FORREST N. WELMAKER
forrest@welmakerlawfirm.com
WELMAKER LAW FIRM, P.C.
1950 N.E. Loop 419
San Antonio, Texas 78217

**ATTORNEY FOR PLAINTIFF**

              */s/ Scott Taylor*
              Scott Taylor